1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUN DARNELL GARLAND,                   No.  2:23-cv-00418 DB P

12                  Plaintiff,

13        v.                                   ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                  Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

19   U.S.C. § 1983.  Plaintiff claims that defendants violated his religious rights by denying him

20   access to the approved predawn meal for Muslim prisoners during the month of Ramadan.

21   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his

22   complaint (ECF No. 1) for screening.  For the reasons set forth below, the court will grant the

23   motion to proceed in forma pauperis and will dismiss the complaint with leave to amend.

24                              **IN FORMA PAUPERS**

25        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

26   § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

27        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

28   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

7    § 1915(b)(2).

8    **SCREENING**

9    **I.      Legal Standards**

10    The court is required to screen complaints brought by prisoners seeking relief against a

11    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

12    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

13    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

15    U.S.C. § 1915A(b)(1) & (2).

16    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

18    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

22    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

23    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26    However, in order to survive dismissal for failure to state a claim a complaint must

27    contain more than "a formulaic recitation of the elements of a cause of action"; it must contain

28    factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations in the Complaint

      The complaint states that at all relevant times, plaintiff was incarcerated at the California Health Care Facility.  He sues fifty-six defendants: the California Department of Corrections and Rehabilitation ("CDCR"); California Correctional Health Care Services ("CCHCS"); the Correspondence and Appeals Branch of CCHCS's Policy and Risk Management Service; Dr. C. Staltenberg, a healthcare grievance office representative at the California Health Care Facility;

1    Dr. G. Church, chief physician and surgeon at the California Health Care Facility's E Yard; S.

2    Gates, Chief of the Health Care Correspondence and Appeals Branch of CCHCS's Policy and

3    Risk Management Service; and fifty "Doe" defendants.  (ECF No. 1 at 3–4.)

4         Plaintiff states that he is a practicing Muslim and observes the month of Ramadan by

5    fasting during daylight hours.  (Id. at 7.)  He explains that, as part of this observance, Muslims

6    may consume a "modest meal" before sunrise, which plaintiff refers to as the "Sahoor" meal.

7    (Id.)  The complaint alleges that in April 2022, plaintiff received the Sahoor meal for two days,

8    but that prison officials subsequently revoked his permission to receive the meal because he was

9    prescribed a specific meal plan.  (Id. at 5–6.)  Plaintiff states that he had been prescribed the meal

10   plan as part of his treatment for multiple myeloma.  (Id. at 6.)

11        Plaintiff filed an emergency grievance on April 3, 2022, requesting that he be re-issued

12   the Sahoor meal, but Defendant Staltenberg allegedly denied the grievance because it fell outside

13   "health care jurisdiction."  (Id.)  Plaintiff appealed.  (Id.)  On August 23, 2022, defendants Gates

14   and Church allegedly issued a "no intervention" decision as to plaintiff's appeal.  (Id.)

15        Plaintiff asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42

16   U.S.C. § 12131 et seq.; the Equal Protection Clause of the Fourteenth Amendment; the Religious

17   Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000 et seq.; and the Free

18   Exercise Clause of the First Amendment.  (Id. at 5, 7, 9, 11.)  He seeks $50,000 in compensatory

19   damages and $20,000 in punitive damages.  (Id. at 13.)

20   **III.    Does Plaintiff State a Claim under § 1983?**

21        **A. ADA Claim**

22            **1. Legal Standard**

23        To state a claim under Title II of the ADA, a plaintiff must demonstrate that "(1) he is a

24   qualified individual with a disability; (2) he was either excluded from participation in or denied

25   the benefits of a public entity's services, programs, or activities, or was otherwise discriminated

26   against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his

27   disability."  Cohen v. City of Culver City, 754 F.3d 690, 695 (9th Cir. 2014).

28   ////

Regarding the first element, the ADA defines the term "qualified individual with a disability" as

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131.  The term "disability" means

> (i) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (ii) A record of such an impairment; or
>
> (iii) Being regarded as having such an impairment as described in paragraph (f) of this section.

28 C.F.R. § 35.108(a)(1).

An individual satisfies the second definition of "disability" "if the individual has a history of . . . a mental or physical impairment that substantially limits one or more major life activities." Id. §§ 35.108(a)(1)(ii), 35.108(e)(1), (2).  An individual meets the third definition when "the individual is subjected to a prohibited action because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity." Id. §§ § 35.108(a)(1)(iii), 35.108(f)(1).

**2. Analysis**

The complaint does not state a cognizable ADA claim.  First, the pleadings do not establish that plaintiff was a qualified individual with a disability.  Cohen, 754 F.3d at 695. Although cancer is considered a physical impairment for the purposes of the ADA, 28 C.F.R. § 35.108(b)(2), plaintiff has not explained how multiple myeloma limited one or more of his major life activities.  Id. § 35.108(a)(1)(i), (ii); id. § 35.108(e)(1), (2).  He also does not identify the officials who allegedly revoked his access to the meal or state whether they referenced his cancer diagnosis, had access to his medical files, or otherwise had reason to perceive him as having an impartment.  Id. §§ 35.108(a)(1)(iii), 35.108(f)(1).  Without more information, plaintiff's

////

5

1  pleadings regarding his cancer diagnosis do not satisfy the ADA's definitions of "disability."  Id.

2  § 35.108(a)(1).

3  Second, there is not enough information to indicate that prison officials denied plaintiff

4  the Sahoor meal "by reason" of his disability.  Cohen, 754 F.3d at 695.  To meet this element, "a

5  plaintiff need show only that discrimination on the basis of disability was a 'motivating factor' for

6  the decision."  K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1099 (9th Cir.

7  2013) (quoting Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1048–49 (9th Cir.

8  2009)).  Here, plaintiff has not provided sufficient facts to infer that the officials in question knew

9  or believed plaintiff had cancer, or that any such knowledge or belief was a motivating factor in

10  their decision.

11  Further, only state entities may be held liable under Title II.  Everett H. v. Dry Creek Joint

12  Elem. Sch. Dist., 5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014).  As such, plaintiff cannot bring a

13  Title II claim against defendants Staltenberg, Church, and Gates or the Doe defendants.

14  For these reasons, the complaint does not state a cognizable ADA claim.  Plaintiff will be

15  granted leave to amend the complaint.

16  **B.  Equal Protection Claim**

17  **1.  Legal Standard**

18  The Equal Protection Clause requires that persons who are similarly situated be treated

19  alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v.

20  Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705

21  F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal

22  protection claim may be established by showing that defendants intentionally discriminated

23  against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or

24  that similarly situated individuals were intentionally treated differently without a rational

25  relationship to a legitimate state purpose.  Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591,

26  601–02 (2008).

27  ////

28  ////

1    **2.  Analysis**

2            Plaintiff has not adequately pleaded an equal protection claim.  Plaintiff has not identified

3    the protected class that served as the basis for the alleged discrimination, nor has he pleaded

4    sufficient facts to infer that prison officials acted with an intent to discriminate against him.

5            Furthermore, the state agency defendants are not proper defendants.  The Eleventh

6    Amendment bars suit against CDCR and CCHCS under § 1983.  See Pennhurst State Sch. &

7    Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Moreover, Section 1983 authorizes actions

8    against "person[s]" acting "under color of" state law, but state agencies are not persons.  42

9    U.S.C. § 1983; see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149–50 (9th

10   Cir. 2011).

11           Plaintiff has also failed to link defendants Gates and Church or the Doe defendants to the

12   alleged equal protection violation.  The complaint does not accuse defendants Gates and Church

13   of rescinding plaintiff's access to the Sahoor meal or explain how their "no intervention" decision

14   in August 2022 contributed to plaintiff's alleged injury.  (ECF No. 1 at 8.)  Plaintiff does not

15   describe the Doe defendants' actions or how they violated plaintiff's equal protection rights.

16           Accordingly, the complaint does not state a cognizable equal protection claim.  Plaintiff

17   will be granted leave to amend the complaint.  Plaintiff is cautioned that although naming Doe

18   defendants is not prohibited, there is no provision in the Federal Rules of Civil Procedure for

19   including such defendants in a complaint and the use of Does in pleading practice is generally

20   disfavored.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v.

21   Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152

22   (E.D. Cal. 2008).

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

7

### C.  RLUIPA Claim

#### 1.  Legal Standard

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a).

In any RLUIPA claim, the court must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise.  Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).  "[A] substantial burden occurs 'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  Hartmann, 707 F.3d at 1124–25 (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)) (second alteration in original).

#### 2.  Analysis

The complaint does not state a cognizable RLUIPA claim.  Plaintiff explains that the Sahoor meal helps Muslims successfully fast during daylight hours, but does not state whether his inability to receive the meal actually interfered with his ability to fast or observe Ramadan.  (ECF No. 1 at 9.)

Additionally, states enjoy sovereign immunity from suits for damages brought pursuant to RLUIPA.  Sossamon v. Texas, 563 U.S. 277, 293 (2011).  The state agency defendants are therefore not proper defendants.

Plaintiff also fails to link defendants Gates and Church or the Doe defendants to his alleged injury.  He does not allege that defendants Gates and Church rescinded his access to the Sahoor meal or explain how their August 2022 decision, issued four months after Ramadan

1   ended, substantially burdened his religious exercise.  (ECF No. 1 at 10.)  The complaint does not

2   describe the Doe defendants' conduct or how it substantially burdened plaintiff's religious

3   exercise.

4          For these reasons, plaintiff has not stated a cognizable RLUIPA claim.  He will be granted

5   leave to amend the complaint.

6          **D.  Exercise of Religion Claim**

7              **1.  Legal Standard**

8          "Inmates . . . retain protections afforded by the First Amendment, including its directive

9   that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S.

10  342, 348 (1987) (internal quotations and citations omitted).  To implicate the Free Exercise

11  Clause, a prisoner must show that the belief at issue is both "sincerely held" and "rooted in

12  religious belief."  Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see Shakur v. Schriro, 514

13  F.3d 878, 884–85 (9th Cir. 2008).

14         However, "a prisoner's right to free exercise of religion 'is necessarily limited by the fact

15  of incarceration.'"  Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v.

16  Walsh, 1 F.3d 873, 876 (9th Cir. 1993)).  "'To ensure that courts afford appropriate deference to

17  prison officials, the Supreme Court has directed that alleged infringements of prisoners' free

18  exercise rights be judged under a reasonableness test less restrictive than that ordinarily applied to

19  alleged infringements of fundamental constitutional rights."  Id. (quoting O'Lone, 482 U.S. at

20  349) (internal quotation marks omitted).  "The challenged conduct 'is valid if it is reasonably

21  related to legitimate penological interests.'"  Id. (quoting O'Lone, 482 U.S. at 349).

22         Therefore, to state a claim for a violation of his First Amendment right to the free exercise

23  of religion, a prisoner must allege facts showing two things.  First, he must show that he has a

24  sincerely held religious belief.  Shakur, 514 F.3d at 885.  Second, he must show that a prison

25  official took actions that substantially burdened the practice of this religion.  Jones, 791 F.3d at

26  1031; Shakur, 514 F.3d at 888.  "A substantial burden . . . place[s] more than an inconvenience on

27  religious exercise; it must have a tendency to coerce individuals into acting contrary to their

28  religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate

1   his beliefs."  Jones, 791 F.3d at 1031–32 (quoting Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir.

2   2013)).  "[A] prison policy that intentionally puts significant pressure on inmates . . . to abandon

3   their religious beliefs . . . imposes a substantial burden on [the inmate's] religious practice."

4   Shakur, 514 F.3d at 889 (internal quotation marks and citation omitted) (second alteration in

5   original).  However, "the availability of alternative means of practicing religion is a relevant

6   consideration" for claims under the First Amendment.  Holt v. Hobbs, 574 U.S. 352, 361 (2015).

7            **2.  Analysis**

8            The complaint does not state a cognizable claim under the Free Exercise Clause of the

9    First Amendment.  Plaintiff does not explain how denying him the Sahoor meal coerced him into

10   acting contrary to his religious beliefs or exerted substantial pressure on him to modify his

11   behavior and violate his beliefs.  Jones, 791 F.3d at 1031–32.

12           Further, as discussed above, state agencies cannot be sued under Section 1983 and the

13   state agency defendants are therefore not proper defendants.  See Pennhurst State Sch. & Hospital

14   v. Halderman, 465 U.S. 89, 100 (1984); see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649

15   F.3d 1143, 1149–50 (9th Cir. 2011).

16           Plaintiff also fails to link defendants Gates and Church or the Doe defendants to his

17   alleged injury.  He does not allege that defendants Gates and Church rescinded his access to the

18   Sahoor meal or explain how their August 2022 decision, issued four months after Ramadan

19   ended, substantially burdened his religious exercise.  (ECF No. 1 at 10.)  The complaint does not

20   describe the Doe defendants' conduct or how it substantially burdened plaintiff's religious

21   exercise.

22           Accordingly, plaintiff has not stated a claim under the Free Exercise Clause.  He will be

23   granted leave to amend the complaint.

24                              **AMENDING THE COMPLAINT**

25           The court has determined that the complaint (ECF No. 1) fails to state any cognizable

26   claims.  Plaintiff will be granted leave to file an amended complaint.  Plaintiff is advised that in

27   an amended complaint he must clearly identify each defendant and the action that defendant took

28   that violated his constitutional rights.  The court is not required to review exhibits to determine

what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

////

1    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

2    has evidentiary support for his allegations, and for violation of this rule the court may impose

3    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4                                              **CONCLUSION**

5    For the reasons set forth above, IT IS HEREBY ORDERED that:

6    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

7    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10   Director of the California Department of Corrections and Rehabilitation filed concurrently

11   herewith.

12   3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend as it fails to state a

13   cognizable claim.

14   4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

15   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

17   assigned this case and must be labeled "First Amended Complaint"; failure to file an amended

18   complaint in accordance with this order may result in a recommendation that this action be

19   dismissed.

20   5.  Failure to comply with this order will result in a recommendation that this action be

21   dismissed.

22   Dated:  November 8, 2023

23

24

25   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

26

27   DB:15
     DB/DB Prisoner Inbox/Civil Rights/S/garl0418.scrn

28

12