UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, | No. 2:23-cv-00418-SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

  Plaintiff Shaun Darnell Garland, a state prisoner, proceeds pro se and in forma pauperis. This matter was referred to the undersigned pursuant to Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff initiated this action on March 6, 2023, and on February 23, 2024 filed a first amended complaint ("FAC") which is before the court for screening. (ECF No. 16.) Having reviewed this matter, the undersigned finds plaintiff's in forma pauperis status should be revoked. Plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action, does not meet the imminent danger exception, and should be ordered to pay the $405 filing fee to proceed with this case.

  **I. In Forma Pauperis Statute**

  The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits

an affidavit indicating that the person is unable to pay such fees. "IFP status may be acquired or lost during the course of the litigation, and the court may waive or order payment of costs for any of the benefits that may arise under the statute." Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), aff'd in part, vacated in part on other grounds sub nom. Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995); see also Evans v. Croom, 650 F.2d 521, 525 n. 12 (4th Cir. 1981). In addition,

> [i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1056-57 ("a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three-strikes exception").

**II.      Has Plaintiff Accrued Three Strikes?**

A review of actions filed by plaintiff reveals that plaintiff has three prior dismissals that qualify as "strikes" under § 1915(g). Plaintiff is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

2

The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

    1. <u>Garland v. Skribner</u>, E.D. Cal. No. 1:06-cv-00198-OWW-GSA (complaint dismissed on December 24, 2008, for failure to state a claim as to the properly joined claims and for improper venue of one improperly joined claim (ECF No. 28)). <u>See</u> <u>Dorsey v. Varga</u>, 55 F.4th 1094, 1107 (7th Cir. 2022) ("Assessing whether joinder is proper before resolving the merits ensures that, regardless of the outcome of a case, the plaintiff pays the proper number of fees under § 1915(b) and receives the proper number of strikes, if any, under § 1915(g).").

    2. <u>Garland v. Cate</u>, et al., E.D. Cal. No. 2:12-cv-03095-KJM-AC (complaint dismissed on August 1, 2013, for failure to state a claim (ECF No. 9)).

    3. <u>Garland v. Hoffman</u>, C.D. Cal. No. 2:15-cv-02766 (complaint dismissed as barred by the applicable statute of limitations (ECF No. 81)). <u>See</u> <u>Belanus v. Clark</u>, 796 F.3d 1021, 1030 (9th Cir. 2015) (strike properly counted for dismissal for failure to state a claim because claims were time barred).

The strikes listed above were all incurred prior to plaintiff's initiation of the present action on March 6, 2023, and have not been overturned. Thus, plaintiff has accrued three strikes.

**III.    Does Plaintiff Meet the Imminent Danger Exception?**

Because plaintiff has accrued at least three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time. <u>See</u> <u>Andrews</u>, 493 F.3d at 1053.

Imminent danger of serious physical injury must be a real, present threat, and not merely speculative or hypothetical. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v.</u>

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). To meet the burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Andrews, 493 F.3d at 1057 n.11.

Plaintiff alleges he was denied a pre-dawn "sahoor" meal while fasting for Ramadan in 2022 at California Health Care Facility ("CHCF"). (ECF No. 16.) Plaintiff requested a "reasonable accommodation" to receive the sahoor diet through an emergency grievance, informing the California Department of Corrections and Rehabilitation ("CDCR") that denial of the sahoor meal was preventing him from successfully completing the Ramadan fast. (Id. at 4.) CDCR refused to provide plaintiff with a sahoor meal. (Id. at 5.) Plaintiff also asked his Primary Care Provider, Dr. Chaudry, for referral to receive the regular sahoor diet. (Id. at 4.) Dr. Chaudry responded "I cannot refer you to receive the 'sahoor' diet because you are [on] puree diet." (Id. at 4.) In the first amended complaint, plaintiff brings claims under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1971 ("RA"), the Equal Protection Clause of the Fourteenth Amendment; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Free Exercise Clause of the First Amendment, California's Disabled Persons Act ("CDPA"), and California's Unruh Act. (Id. at 1.) Plaintiff seeks monetary damages and declaratory relief. (Id. at 9.)

Other courts have found religious diet claims insufficient to establish imminent danger. *See Muhammad v. Workman*, No. 12-cv-094–RAW 2012 WL 5389738 (E.D. Okla. Nov. 5, 2012); *Davis v. Montijo*, No. 09-cv-1376–PHX–DGC 2009 WL 1955558 (D. Ariz. July 6, 2009). However, this Court need not address whether an institution's failure to accommodate a religious diet causes imminent danger, because the timing of the alleged misconduct and the filing of this action is definitive. Liberally construed, the first amended complaint does not plausibly allege deprivation of a predawn sahoor meal during Ramadan in 2022 placed plaintiff in imminent

danger when he initiated this action in March 2023, or when he filed the operative complaint in February 2024. Plaintiff's allegations do not meet the imminent danger exception and his in forma pauperis status should be revoked.

## IV.     Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's in forma pauperis status be revoked.
2. The court find plaintiff has accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action.
3. Plaintiff be ordered to pay the $405 filing fee in order to proceed in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5