UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:23-cv-0418 DAD SCR P<br><br>ORDER |

Plaintiff Shaun Darnell Garland, a state prisoner, proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening.[1] (ECF No. 16.) For screening purposes, the FAC states a First Amendment Free Exercise claim for damages against Dr. Chaudry and a RLUIPA claim for injunctive relief against CDCR; no other claims are stated. Plaintiff may proceed on the two claims stated or may file a further amended complaint under the guidelines set forth below.

---

[1] On October 3, 2024, the undersigned issued findings and recommendations recommending that plaintiff be ordered to pay the filing fee in order to proceed with this action since plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action. (ECF No. 18.) The filing fee has been paid. Thus, this case will proceed whether or not those findings and recommendations are adopted.

1

## I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis lawsuit, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the FAC

Plaintiff alleges the following in the FAC: Plaintiff was in custody at the California Health Care Facility ("CHCF") at all relevant times. (ECF No. 16 at 1.) Defendants are the California Department of Corrections ("CDCR") and Dr. Uzma Chaudry, plaintiff's primary care provider. (Id. at 2.)

Plaintiff is an individual with a disability. (ECF No. 16 at 3-4.) Plaintiff belongs to the "Coleman and Armstrong class" due to his mental health and physical disabilities and is assigned to the Enhanced Outpatient Program (EOP) level of psychiatric care at CHCF. (Id. at 4, 6-7.)

////

The CHCF kitchen provides a pre-dawn "sahoor" meal to all Muslim participants in the Ramadan fast. (ECF No. 16 at 4.) However, plaintiff was informed that "because he receives a 'puree diet' he will not receive the 'sahoor' predawn meal." (Id.) On April 2, 2022, inmate Beasley told plaintiff Dr. Chaudry gave approval for inmate Beasley to receive the regular sahoor diet even though inmate Beasley usually receives a "puree diet." (Id. at 4, 7.)

On April 3, 2022, plaintiff requested a reasonable accommodation to receive the sahoor diet through emergency grievance CHCF HC 2200553, informing CDCR that denial of the sahoor predawn meal was preventing him from successfully completing the Ramadan fast. (ECF No. 16 at 4.) Defendant CDCR refused to provide plaintiff with a sahoor meal. (Id. at 5.) This deprivation caused plaintiff's "failure to complete Ramadan fast[.]" (Id. at 3.)

On April 28, 2022, plaintiff asked Dr. Chaudry, for referral to receive the regular sahoor diet. (ECF No. 16 at 4.) Dr. Chaudry responded "I cannot refer you to receive the 'sahoor' diet because you are [on] puree diet." (Id. at 4.)

The FAC asserts claims under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1971 ("RA"), the Equal Protection Clause of the Fourteenth Amendment; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Free Exercise Clause of the First Amendment, California's Disabled Persons Act ("CDPA"), and California's Unruh Act. (ECF No. 16 at 1.) Plaintiff seeks monetary damages, declaratory relief, and "[a]ny further relief" deemed proper. (Id. at 9.)

### III.    Discussion

#### A.    ADA / RA Claims

Under Title II of the ADA, 42 U.S.C.§ 12101 et seq., "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA or the RA, a plaintiff must allege (1) he is an individual with a disability; (2) he is "otherwise qualified" to participate in or receive the benefit of the entity's services, programs, or activities, i.e., he meets the essential eligibility requirements of the entity, with or without reasonable

3

accommodation; (3) he was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his disability; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the RA claim). Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999). In addition, "[t]o recover monetary damages under Title II of the ADA … a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Only state entities can be held liable under Title II of the ADA and the RA. See Zukle, 166 F.3d at 1045; Everett H. v. Dry Creek Joint Elem. Sch. Dist., 5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014). As such, plaintiff cannot bring an ADA or RA claim against Dr. Chaudry.

As to CDCR, plaintiff alleges he asked for a reasonable accommodation in the form of receiving a special religious diet and defendant failed to provide the accommodation. Plaintiff does not, however, adequately allege he was denied the benefits of CDCR's program by reason of his disability because plaintiff does not identify the physical or mental impairment tied to his ADA and RA claims. The allegation that plaintiff has a disability within the meaning of the ADA is a legal conclusion not by itself accepted as true for pleading purposes. Moreover, neither being a member of the "Coleman and Armstrong class" nor being assigned to the EOP level of psychiatric care suffices to allege plaintiff is disabled within the meaning of the ADA.

The court also considers a document attached to plaintiff's FAC, titled "ADA/Effective Communication Patient Summary" for plaintiff as of April 11, 2023, which is a date subsequent to the events described in the FAC. (See ECF No. 16 at 14.) The form indicates plaintiff is a permanent user of a cane and/or walker. (Id.) Plaintiff's use of a cane and/or walker suggests plaintiff may have been substantially limited in performing a major life activity at the relevant time – walking – and thus that he may have been disabled within the meaning of the ADA. However, plaintiff does not allege he was denied the benefits of any program by reason of his disability related to his use of a cane and/or walker. Instead, plaintiff alleges the denial of program benefits was related to his receipt of a "puree" diet in 2022, and the FAC contains no indication that receipt of the "puree" diet was in any way related to a disability.

It is worth noting that the "puree" diet itself is likely an accommodation CDCR provides to plaintiff either on account of a disability or some other medical condition falling short of a disability. It is not plausible that CDCR's decision to insist that *that* accommodation remain in place—presumably for plaintiff's well being—is itself a failure to accommodate plaintiff's disability.

Vague and conclusory allegations mirroring the general language of statutes do not state a claim for relief. Plaintiff has not adequately alleged he was denied the benefits of an entity's program by reason of his disability and therefore has not stated a claim under the ADA and/or the RA. See Zukle, 166 F.3d at 1045.

### B. 42 U.S.C. § 1983 Claims

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

As a state agency, CDCR cannot be sued for monetary damages under 42 U.S.C. § 1983. See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011). Thus, the court analyzes whether plaintiff has stated a claim under § 1983 claim against Dr. Chaudry.

#### 1. Equal Protection

To state a claim for a violation of equal protection, a plaintiff must generally allege the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). In the alternative, to state a claim under a "class of one" theory, a plaintiff must allege facts showing he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village

of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Under either theory, a plaintiff must allege intentional, disparate treatment. Id. at 564-65. "Similarly situated" individuals are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Plaintiff alleges he was treated differently than another individual who also received a puree diet. However, the FAC does not allege facts from which the court can infer that plaintiff and the other individual are similarly situated. The allegation that both individuals received a puree diet does not suffice to indicate they are similarly situated. The FAC also does not allege plaintiff's membership in a protected class. Absent allegations that other similarly situated individuals were treated more favorably without a rational basis, the FAC does not state a claim for relief on equal protection grounds.

### 2. Free Exercise

"The First Amendment, applicable to the States by reason of the Fourteenth Amendment... prohibits government from making a law 'prohibiting the free exercise (of religion).'" Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (citation omitted). In order to state a claim under the Free Exercise Clause, a plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct he sincerely believes is consistent with his faith without any justification reasonably related to interests concerning the care of committed persons. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "A substantial burden... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (quoting Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir. 2013)).

The court considers whether Dr. Chaudry acted under color of state law when engaging in the challenged conduct. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 919 (9th Cir. 2011) (noting the Supreme Court has identified at least seven approaches to assess whether a private party has acted under color of state law). For screening purposes, plaintiff has adequately alleged Dr. Chaudhry acted under color of state law in allegedly refusing to

recommend plaintiff to receive a special religious diet. In addition, plaintiff adequately alleges a sincerely held religious belief. Liberally construing the complaint, plaintiff adequately alleges Dr. Chaudry substantially burdened plaintiff's practice of religion by refusing to recommend plaintiff for a special diet—or by simply refusing to recommend that his puree diet be served before dawn—during Ramadan. For screening purposes, the FAC states a First Amendment Free Exercise claim against Dr. Chaudry.

### C.     RLUIPA Claim

The RLUIPA provides "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that ... interest." 42 U.S.C. § 2000cc-1(a). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7).

Exercise of religion protected under RLUIPA includes the performance of physical acts such as assembling with others for a worship service or participating in sacramental use of bread and wine. Cutter v. Wilkinson, 544 U.S. 709, 720 (2005). A court reviewing a claim under the RLUIPA "begin[s] by identifying the 'religious exercise' allegedly impinged upon." Greene v. Solano Cty. Jail, 513 F.3d 982, 987 (9th Cir. 2008). The "initial RLUIPA step requires a narrow inquiry focused on (1) the specific religious practice at issue and (2) the specific practitioner." Johnson v. Baker, 23 F.4th 1209, 1215 (9th Cir. 2022).

RLUIPA does not authorize money damages against state officials. See Jones, 791 F.3d at 1031. The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one be issued. See id.

The religious exercise at issue is plaintiff's ability to fast in observance of Ramadan. Liberally construing the complaint, plaintiff has adequately alleged that denial of a pre-dawn meal substantially burdened his ability to fast in observance of Ramadan. Although the Ramadan fasting period at issue in the FAC has ended, liberally construing the FAC, plaintiff seeks prospective injunctive relief. For screening purposes, Plaintiff may proceed on his RLUIPA claim

7

against the CDCR and Dr. Chaudry in their official capacity, but not against Dr. Chaudry individually. See Boles v. Neet, 402 F.Supp.2d 1237, 1240 (D. Colo. 2005) ("The Court understands [RLUIPA] to permit cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity").

### D. State Law Claims

Plaintiff's state law claims under the Unruh Civil Rights Act, see Cal. Civ. Code § 51, and the CDPA, see Cal. Civ. Code § 54, are not cognizable. Plaintiff's Unruh Act claim fails because a prison is not considered a "business establishment" within the meaning of the act. See Carter v. City of Los Angeles, 169 Cal. Rptr. 3d 131, 144 (Ct. App. 2014); Taormina v. Cal. Dep't of Corr., 946 F. Supp. 829, 834 (S.D. Cal. 1996) (holding a prison does not qualify as a business entity under Cal. Civ. Code § 51). In addition, while the CDPA incorporates the ADA into California law, see Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002), plaintiff fails to state an ADA claim for the reasons already discussed.

### IV. Conclusion and Order

The FAC states a First Amendment Free Exercise claim for damages against Dr. Chaudry and a RLUIPA claim for injunctive relief against CDCR and Dr. Chaudry in their official capacity. If plaintiff elects to proceed on the complaint as screened, the court will order service of the complaint on Dr. Chaudry and CDCR.

No other claims are stated, but plaintiff is granted another opportunity to amend. Plaintiff may use the attached form to notify the court whether he will proceed on the FAC as screened or file a further amended complaint.

If plaintiff chooses to file an amended complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "Second Amended Complaint" and should reference the case number.

////

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

2. Plaintiff's FAC (ECF No. 16) states a First Amendment Free Exercise claim for damages against Dr. Chaudry and a RLUIPA claim for injunctive relief against CDCR; no other claims are stated.

3. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

4. Failure to respond to this order will result in the undersigned preparing findings and recommendations to a district judge recommending that plaintiff's non-cognizable claims be dismissed.

DATED: January 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN DARNELL GARLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants | No. 2:23-cv-00418 DAD SCR P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed on the first amended complaint ("FAC") as screened with a First Amendment Free Exercise claim for damages against Dr. Chaudry and a RLUIPA claim for injunctive relief against CDCR and Dr. Chaudry in their official capacity. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

1

1 \_\_\_\_ Plaintiff wants to stand on the FAC as filed after which the magistrate judge will issue findings and recommendations to dismiss all non-cognizable claims and a district judge will be assigned to the case and will determine what claims are stated.

DATED:_____          _____

                                      Shaun Darnell Garland
                                      Plaintiff pro se