UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAUN DARNELL GARLAND,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

No.  2:23-cv-00418 DAD SCR

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983.  The action is proceeding on plaintiff's first amended complaint ("FAC"), ECF No. 16, which the undersigned determined stated a cognizable First Amendment Free Exercise claim against Defendant Dr. Chaudry and a cognizable Religious Land Use and Institutionalized Person Act ("RLUIPA") claim against Defendant California Department of Corrections and Rehabilitation ("CDCR").  ECF No. 20.

Plaintiff has filed a motion for discovery pursuant to Local Rule 260(b), which the undersigned construes as also seeking relief under Federal Rule of Civil Procedure 56(d).  ECF No. 41.  For the reasons set forth below, the undersigned grants Plaintiff's motion in part and directs Defendants to produce only Plaintiff's Health Care Services Request (CDCR Form 7362) dated April 3, 2022, within ten (10) days of this order.

1

**PLAINTIFF'S MOTION FOR DISCOVERY**

Plaintiff filed a motion for discovery under Local Rule 260(b) on March 16, 2026, seeking leave to request discovery to oppose Defendants' February 2, 2026, motion for summary judgment.[1]  ECF No. 41.  In his verified motion, Plaintiff explains that he has requested the "entire appeal package" of his April 2022 healthcare grievance, Log No. 22000553, many times but has yet to receive it.  For instance, he sought an "Olson review" of the file in February 2025 but a correctional counselor refused to assist.[2]  Id. at 2.  Defendants' counsel refused to provide the documents through discovery on grounds that his requests were untimely.  Id. at 3.  Plaintiff submitted excerpts from his September 2025 deposition where counsel confirms she received his discovery requests and would provide them soon.  Id. at 8.  Plaintiff then followed up with a letter to counsel on October 12, 2025, again requesting the same documents.  See id. at 11-14.

In response, Defendants argue they properly objected to Plaintiff's August 19, 2025, August 26, 2025, and September 2, 2025, requests for production as untimely given they came after the discovery cut-off date of August 3, 2026.  Declaration of C. Ryan ¶¶ 2-4, ECF No. 42-1 at 2 ("Ryan Decl.").  Next, Defendants' counsel explains that she responded to Plaintiff's October 2025 letter by providing him with the requested package for Log No. 22000553, which included Plaintiff's grievance with his attached exhibits, the institutional level response, headquarters level response, institutional level rejection notices, and institutional assignment notice, and resent this package in response to Plaintiff's motion for discovery.  Ryan Decl. ¶¶ 5, 7.  Defendants properly construe Plaintiff's motion as arising under Federal Rule of Civil Procedure 56(d) and argue it should be rejected because Plaintiff: (1) failed to specify the facts he hoped to gain from further discovery; and (2) did not diligently pursue discovery.  ECF No. 42 at 3-5.

Plaintiff filed a reply claiming that the package he received was not complete because it

---

[1]  Local Rule 260(b) states that "[i]f a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."
[2]  An Olson review refers to the right of individuals incarcerated in California state prisons to inspect all non-confidential records maintained in their central and medical files, as established in In re Olson, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974).  See Cortinas v. Huerta, et al., No. 1:17-cv-0130 AWI GSA PC, 2019 WL 6050833, at *4 (E.D. Cal. Nov. 15, 2019).

did not include his grievance, Log No. 22000553, and the accompanying CDC Form 7362 requesting to see Dr. Chaundry, both filed on April 3, 2022.  ECF No. 43.  He maintains these documents show the institution was on notice of his need for a religious accommodation earlier than the April 28, 2022, date that Defendants list in their Statement of Undisputed Fact No. 17.  Id. at 2.

**LEGAL STANDARD**

Plaintiff's motion for discovery arises under Federal Rule of Civil Procedure 56(d).  Under Rule 56(d) (formerly Rule 56(f)),[3] "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(d).  A "party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Whether to grant such motion rests in the Court's discretion.  Id.  The failure to conduct discovery diligently is grounds for denial of a motion under this rule.  Pfingston v. Ronan Engineering Co., 284 F.3d 999, 1005 (9th Cir. 2002).

**DISCUSSION**

**I.    Plaintiff Exercised Diligence in Seeking the Grievance Package**

The undersigned declines to deny plaintiff's motion on grounds he did not diligently pursue discovery.  It is undisputed that plaintiff propounded all three RFPs after the August 3, 2025, discovery cut-off date set in the Court's discovery and scheduling order.  ECF No. 33 at 6, ¶ 6.  However, as an incarcerated pro se litigant, petitioner must be afforded leniency in discovery matters.  See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  Further, in his verified motion, plaintiff describes attempts to access the requested documents through the Olson review process in February 2025, an inquiry to Defendants' counsel at his September 2025 deposition,

---

[3]  See Adv. Comm. Note to 2010 Amendments to Fed. R. Civ. P. 56(d) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

3

and in an October 2025 follow-up letter to Defendants' counsel.  ECF No. 41.  Thus, despite the untimeliness of Plaintiff's RFPs and failure to file a formal motion to compel or to modify the discovery and scheduling order, this is not a case where the nonmovant sat on his hands during the discovery period.  "The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits." Bosley v. Valasco, No. 1:14-cv-0049 MJS PC, 2016 WL 1704159, at *4 (E.D. Cal. Apr. 28, 2016).  Accordingly, the undersigned will not deny plaintiff's motion for a lack of diligence.

**II.        Plaintiff's Motion Satisfies Rule 56(d) as to the Form 7362 (April 3, 2022)**

It was somewhat unclear from plaintiff's motion what facts he hopes to elicit from the grievance packet and how they are essential to opposing Defendants' motion for summary judgment.  But in his reply, plaintiff adequately clarified that his grievance document and accompanying CDCR Form 7362, both dated April 3, 2022, were necessary to establish Defendants' notice of his need for a religious accommodation, and to refute Defendants' evidence that Dr. Chaundry became aware later on April 28, 2022.  ECF No. 43.  This particularized explanation for why Plaintiff requires the documents is sufficient to satisfy Rule 56(d)'s requirements, particularly when the timing of Plaintiff's accommodation request and its alignment with the prison's Ramadan meal schedule are critical to both Parties' arguments.

The two specific documents that Plaintiff identifies as missing from the grievance packet that Defendants produced are the grievance itself and the parallel Health Care Services Request (Form 7362), both dated April 3, 2022.  See ECF No. 43 at 2-3.  Defendants' counsel attests that she provided the April 3, 2022, grievance, and Plaintiff attached the same grievance document to his reply brief.  Thus, Plaintiff's claim that he has not yet received this document is unfounded. However, it appears from the Parties' inventories of the packet that the Form 7362 was not included.  Therefore, pursuant to Rule 56(d), the undersigned orders Defendants to produce the Form 7362 dated April 3, 2026, and file a status report confirming the production, within ten (10) days of this order.  Plaintiff is further ordered to file an opposition to Defendants' summary-judgment motion within thirty (30) days of this order.

4

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for discovery is GRANTED IN PART as follows:

    a.  Within ten (10) days of this order, Defendants shall produce to Plaintiff his Health Care Services Request Form (Form 7362) dated April 3, 2022;

    b.  Also within ten (10) days of this order, Defendants shall file a status report with the Court indicating whether the Form 7362 was produced to Plaintiff.  If Defendants are unable to locate and produce the document, they must provide an explanation.

2.    The Court will not entertain any further motions for discovery under Rule 56(d).

3.    Plaintiff's opposition to Defendant's motion for summary judgment is due within thirty (30) days of this order.  Defendants may file a reply within fourteen (14) days after service of Plaintiff's opposition.

DATED: May 7, 2026

_____

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5